SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
Nichole Browning (Bar No. 251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone:  (925) 945-0770
Fax: (925) 945-8792

-and-

ERIC L. ZAGAR (Bar No. 250519)
TARA P. KAO
ezagar@sbtklaw.com
tkao@sbtklaw.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION, | Case No. CV 08-01031-JF |
| Plaintiff, | |
| v. | **NOTICE OF WAIVER OF SERVICE OF SUMMONS ON DEFENDANTS MIKE ROSS, GEORGE PERLEGOS AND GUST PERLEGOS** |
| GEORGE PERLEGOS,  GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS, | |
| Defendants, | |
| and | |
| ATMEL CORPORATION, | |
| Nominal Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the defendants in this action, Mike Ross, George Perlegos and Gust Perlegos have waived service of summons. The waivers are attached hereto as Exhibits A and B.

DATED: June 5, 2008

SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP


_____/s/_____
Alan R. Plutzik, Of Counsel (Bar No. 077785)
Nichole Browning (Bar No. 251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Fax: (925) 945-8792

-and-

Eric L. Zagar (Bar No. 250519)
Tara P. Kao
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
Facsimile: 610/667-7056

*Counsel for Plaintiff*

**exhibit A**

1

1   SCHIFFRIN BARROWAY
     TOPAZ & KESSLER LLP
2   Alan R. Plutzik, Of Counsel (Bar No. 077785)
    Nichole Browning (Bar No. 251937)
3   aplutzik@sbtklaw.com
    nbrowning@sbtklaw.com
4   2125 Oak Grove Road, Suite 120
    Walnut Creek, California 94598
5   Telephone: (925) 945-0770
    Fax: (925) 945-8792
6   -and-
    Eric Zagar (Bar. No. 250519)
7   Tara Kao
    ezagar@sbtklaw.com
8   tkao@sbtklaw.com
    280 King of Prussia Rd.
9   Radnor, PA 19087
    Telephone: (610) 667.7706
10  Facsimile:  (610) 667.7056

11  Attorneys for Plaintiff

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16  | PATRICK McWEENY, derivatively on behalf of | Master File No. CV 08-01031-JF |
    | ATMEL CORPORATION, | |
17  | | DERIVATIVE ACTION |
    | Plaintiff, | |
18  | | WAIVER OF SERVICE OF SUMMONS |
    | v. | |
19  | | |
    | GEORGE PERLEGOS, GUST PERLEGOS, | Assigned to Judge Jeremy Fogel |
20  | T. PETER THOMAS, CHAIHO KIM, PIERRE | Courtroom 3, 5th Floor |
    | FOUGERE, NORMAN T. HALL, TSUNG- | |
21  | CHING WU, KRIS CHELLAM, JACK | |
    | PECKHAM, DONALD COLVIN, MIKES N. | |
22  | SISOIS, B. JEFFREY KATZ, FRANCIS | |
    | BARTON, GRAHAM TURNER, BERNARD | |
23  | PRUNIAUX, STEVEN SCHUMANN, and MIKE | |
    | ROSS, | |
24  | | |
    | Defendants, | |
25  | and | |
    | | |
26  | ATMEL CORPORATION, | |
    | | |
27  | Nominal Defendant. | |

28  _____

    WAIVER OF SERVICE OF SUMMONS
    MASTER FILE NO. CV 08-01031-JF

1         I acknowledge receipt of your request that I waive service of a summons on behalf of

2    George Perlegos and Gust Perlegos in the action of *Patrick McWeeny v. George Perlegos, et al.*,

3    which is case number 08-cv-1031 in the United States District Court for the Northern District of

4    California. I have received a copy of the Complaint in the action and this Waiver *via* electronic

5    mail, and a means by which I can return the signed waiver to you without cost to me.

6         I agree to save the cost of service of a Summons and an additional copy of the Complaint in

7    this lawsuit by not requiring that the entities on whose behalf I am acting be served with judicial

8    process in the manner provided by Rule 4.

9         The entities on whose behalf I am acting will retain all defenses or objections to the lawsuit

10    or to the jurisdiction or venue of the court except for objections based on a defect in the summons

11    or in the service of the summons.

12         I understand that a judgment may be entered against the party on whose behalf I am acting

13    if an answer or motion under Rule 12 is not served upon you within 60 days after May 16, 2008, or

                  22

14    within 90 days after that date if the request was sent outside the United States.

15

     22

16    Dated: May 16, 2008

17

18

19

20    FARELLA BRAUN + MARTELL LLP
     John L. Cooper
     Robert C. Holtzapple

21         Jessica Koren Nall

22         Attorneys for George Perlegos and
     Gust Perlegos

23

24

25

26

27

28

                                                              1

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Duty to Avoid Unnecessary Costs of Service of Summons</u>

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received

2

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

**exhibit B**

1    SCHIFFRIN BARROWAY
       TOPAZ & KESSLER LLP
2    Alan R. Plutzik, Of Counsel (Bar No. 077785)
     Nichole Browning (Bar No. 251937)
3    2125 Oak Grove Road, Suite 120
     Walnut Creek, California 94598
4    Telephone: (925) 945-0770
     Fax: (925) 945-8792
5
     -and-
6
     Eric Zagar (Bar. No. 250519)
7    Tara Kao
     ezagar@sbtklaw.com
8    tkao@sbtklaw.com
     280 King of Prussia Rd.
9    Radnor, PA 19087
     Telephone: (610) 667.7706
10   Facsimile:  (610) 667.7056

11   Attorneys for Plaintiff

12                    **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14                        **SAN JOSE DIVISION**

15

16
     PATRICK McWEENY, derivatively on behalf of    Master File No. CV 08-01031-JF
17   ATMEL CORPORATION,
                                                    DERIVATIVE ACTION
18                 Plaintiff,
                                                    **WAIVER OF SERVICE OF SUMMONS**
19        v.

20   GEORGE PERLEGOS, GUST PERLEGOS,                Assigned to Judge Jeremy Fogel
     T. PETER THOMAS, CHAIHO KIM, PIERRE            Courtroom 3, 5th Floor
21   FOUGERE, NORMAN T. HALL, TSUNG-
     CHING WU, KRIS CHELLAM, JACK
22   PECKHAM, DONALD COLVIN, MIKES N.
     SISOIS, B. JEFFREY KATZ, FRANCIS
23   BARTON, GRAHAM TURNER, BERNARD
     PRUNIAUX, STEVEN SCHUMANN, and MIKE
24   ROSS,

25                 Defendants,
           and
26
     ATMEL CORPORATION,
27
     Nominal Defendant.
28

1        I acknowledge receipt of your request that I waive service of a summons on behalf of Mike

2    Ross in the action of *Patrick McWeeny v. George Perlegos, et al.*, No. 08-cv-1031, filed with the

3    United States District Court for the Northern District of California.  I have received a copy of the

4    Complaint in the action, two copies of this Waiver, and a means by which I can return the signed

5    waiver to you without cost to me.

6        I agree to save the cost of service of a Summons and an additional copy of the Complaint

7    in this lawsuit by not requiring that the entities on whose behalf I am acting be served with judicial

8    process in the manner provided by Rule 4.

9        The entities on whose behalf I am acting will retain all defenses or objections to the lawsuit

10   or to the jurisdiction or venue of the court except for objections based on a defect in the summons

11   or in the service of the summons.

12       I understand that a judgment may be entered against the party on whose behalf I am acting

13   if an answer or motion under Rule 12 is not served upon you within 60 days after May 2, 2008, or

14   within 90 days after that date if the request was sent outside the United States.

16   Dated: May 2, 2008

19   _Erin Bansal_

    Erin Bansal

20       Attorney for Mike Ross

22          Duty to Avoid Unnecessary Costs of Service of Summons

23   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving
     unnecessary costs of service of the summons and complaint. A defendant who, after being notified
24   of an action and asked to waive service of a summons, fails to do so will be required to bear the
     cost of such service unless good cause be shown for its failure to sign and return the waiver.
25
     It is not good cause for a failure to waive service that a party believes that the complaint is
26   unfounded, or that the action has been brought in an improper place or in a court that lacks
     jurisdiction over the subject matter of the action or even its person or property. A party who
27   waives service of the summons retains all defenses and objections (except any relating to the

28                                                      1

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

1   summons or to the service of the summons), and may later object to the jurisdiction of the court or
    to the place where the action has been brought.

2

3   A defendant who waives service must within the time specified on the waiver form serve on the
    plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a
4   signed copy of the response with the court. If the answer or motion is not served within this time, a
    default judgment may be taken against the defendant. By waiving service, a defendant is allowed
5   more time to answer than if the summons has been actually served when the request for waiver of
    service was received

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                                        2

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF