```
 1  SCHIFFRIN BARROWAY
    TOPAZ & KESSLER, LLP
 2  Alan R. Plutzik, Of Counsel (Bar No. 077785)
    Nichole Browning (Bar No. 251937)
 3  2125 Oak Grove Road, Suite 120
    Walnut Creek, California 94598
 4  Telephone: (925) 945-0770
    Fax: (925) 945-8792
 5
    -and-
 6
    ERIC L. ZAGAR (Bar No. 250519)
 7  TARA P. KAO
    ezagar@sbtklaw.com
 8  tkao@sbtklaw.com
    280 King of Prussia Road
 9  Radnor, PA 19087
    Telephone: (610) 667-7706
10  Facsimile: (610) 667-7056

11  Attorneys for Plaintiff
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GEORGE PERLEGOS, GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS,<br><br>　　　　　　　　Defendants,<br>　　and<br><br>ATMEL CORPORATION,<br><br>　　　　　　　Nominal Defendant. | Case No. CV 08-01031-JF<br><br>**NOTICE OF WAIVER OF SERVICE OF SUMMONS ON DEFENDANTS MIKE ROSS, GEORGE PERLEGOS AND GUST PERLEGOS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the defendants in this action, Mike Ross, George Perlegos and Gust Perlegos have waived service of summons. The waivers are attached hereto as Exhibits A and B.

DATED: June 5, 2008                    SCHIFFRIN BARROWAY
                                       TOPAZ & KESSLER, LLP


                                       /s/
                                       ──────────────────────────
                                       Alan R. Plutzik, Of Counsel (Bar No. 077785)
                                       Nichole Browning (Bar No. 251937)
                                       2125 Oak Grove Road, Suite 120
                                       Walnut Creek, California 94598
                                       Telephone: (925) 945-0770
                                       Fax: (925) 945-8792

                                       -and-

                                       Eric L. Zagar (Bar No. 250519)
                                       Tara P. Kao
                                       280 King of Prussia Road
                                       Radnor, PA 19087
                                       Telephone: 610/667-7706
                                       Facsimile: 610/667-7056

                                       *Counsel for Plaintiff*

---

NOTICE OF WAIVER OF SERVICE OF SUMMONS ON DEFENDANTS MIKE ROSS, GEORGE PERLEGOS AND GUST PERLEGOS                                       1

**exhibit A**

1

```
1  SCHIFFRIN BARROWAY
     TOPAZ & KESSLER LLP
2  Alan R. Plutzik, Of Counsel (Bar No. 077785)
   Nichole Browning (Bar No. 251937)
3  aplutzik@sbtklaw.com
   nbrowning@sbtklaw.com
4  2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94598
5  Telephone: (925) 945-0770
   Fax: (925) 945-8792
6  -and-
   Eric Zagar (Bar. No. 250519)
7  Tara Kao
   ezagar@sbtklaw.com
8  tkao@sbtklaw.com
   280 King of Prussia Rd.
9  Radnor, PA 19087
   Telephone: (610) 667.7706
10 Facsimile: (610) 667.7056

11 Attorneys for Plaintiff
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE PERLEGOS, GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS,<br><br>Defendants,<br>and<br><br>ATMEL CORPORATION,<br><br>Nominal Defendant. | Master File No. CV 08-01031-JF<br><br>DERIVATIVE ACTION<br><br>**WAIVER OF SERVICE OF SUMMONS**<br><br>Assigned to Judge Jeremy Fogel<br>Courtroom 3, 5th Floor |

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

I acknowledge receipt of your request that I waive service of a summons on behalf of George Perlegos and Gust Perlegos in the action of *Patrick McWeeny v. George Perlegos, et al.*, which is case number 08-cv-1031 in the United States District Court for the Northern District of California. I have received a copy of the Complaint in the action and this Waiver *via* electronic mail, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that the entities on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

The entities on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after May 22, 2008, or within 90 days after that date if the request was sent outside the United States.

Dated: May 22, 2008

*[signature]*

FARELLA BRAUN + MARTELL LLP
John L. Cooper
Robert C. Holtzapple
Jessica Koren Nall

Attorneys for George Perlegos and
Gust Perlegos

---

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

1

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received

2

**exhibit B**

| | |
|---|---|
| 1 | SCHIFFRIN BARROWAY |
|   |   TOPAZ & KESSLER LLP |
| 2 | Alan R. Plutzik, Of Counsel (Bar No. 077785) |
|   | Nichole Browning (Bar No. 251937) |
| 3 | 2125 Oak Grove Road, Suite 120 |
|   | Walnut Creek, California 94598 |
| 4 | Telephone: (925) 945-0770 |
|   | Fax: (925) 945-8792 |
| 5 | |
| 6 | -and- |
| 7 | Eric Zagar (Bar. No. 250519) |
|   | Tara Kao |
|   | ezagar@sbtklaw.com |
| 8 | tkao@sbtklaw.com |
|   | 280 King of Prussia Rd. |
| 9 | Radnor, PA 19087 |
|   | Telephone: (610) 667.7706 |
| 10 | Facsimile:  (610) 667.7056 |
| 11 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION, | Master File No. CV 08-01031-JF |
| Plaintiff, | DERIVATIVE ACTION |
|  | WAIVER OF SERVICE OF SUMMONS |
| v. | |
| GEORGE PERLEGOS, GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS, | Assigned to Judge Jeremy Fogel Courtroom 3, 5th Floor |
| Defendants, and | |
| ATMEL CORPORATION, | |
| Nominal Defendant. | |

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

1   I acknowledge receipt of your request that I waive service of a summons on behalf of Mike Ross in the action of *Patrick McWeeny v. George Perlegos, et al.*, No. 08-cv-1031, filed with the United States District Court for the Northern District of California. I have received a copy of the Complaint in the action, two copies of this Waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that the entities on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

The entities on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after May 2, 2008, or within 90 days after that date if the request was sent outside the United States.

Dated: May 2, 2008

_____
Erin Bansal
Attorney for Mike Ross

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the

1

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF

summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received

WAIVER OF SERVICE OF SUMMONS
MASTER FILE NO. CV 08-01031-JF