DARRYL P. RAINS (CA SBN 104802)
KENNETH A. KUWAYTI (CA SBN 145384)
BRIAN L. LEVINE (CA SBN 246726)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: (650).813-5600
Facsimile: (650).494-0792
*DRains@mofo.com*
*BLevine@mofo.com*

Attorneys for defendants Francis Barton, Kris Chellam, Donald Colvin, Pierre Fougere, Norman T. Hall, B. Jeffrey Katz, Chaiho Kim, Jack Peckham, Bernard Pruniaux, Steven Schumann, T. Peter Thomas, Graham Turner, and Tsung-Ching Wu and Nominal Defendant Atmel Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE PERLEGOS, GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS,<br><br>　　　　　　　Defendants,<br><br>　　and<br><br>ATMEL CORPORATION,<br><br>　　　　　　　Nominal Defendant. | Master File No. C08-01031-JF<br><br><u>DERIVATIVE ACTION</u><br><br>DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH RULES  23.1 AND 12(b)(6)<br><br><br>Date:　　August 8, 2008<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 3 |

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

# NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 8, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeremy Fogel, United States District Court, 280 South First Street, San Jose, California, nominal defendant Atmel Corporation ("Atmel") will, and hereby does, move the Court to dismiss with prejudice the derivative complaint filed by Patrick McWeeny, pursuant to Federal Rule of Civil Procedure 23.1 for failure to make a pre-suit demand on Atmel's board of directors. Individual defendants Francis Barton, Kris Chellam, Donald Colvin, Pierre Fougere, Norman T. Hall, Jeffrey Katz, Chaiho Kim, Jack Peckham, Bernard Pruniaux, Steven Schumann, Peter Thomas, Graham Turner, and Tsung-Ching Wu join in that motion, and further move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The motion is based on this notice, the accompanying memorandum, the declaration of Brian L. Levine, the pleadings and papers on file in the action, and such other arguments as may be presented at the hearing on the motion.

## STATEMENT OF ISSUES
(Civil L.R. 7-4)

1.   Would a demand on the board of directors be futile, where the majority of directors (five of eight) did not become affiliated with the company until after the period of alleged wrongdoing and where plaintiff makes no allegations against any of them?

2.   Has plaintiff pled specific facts, as required by the Reform Act and Rule 9(b) in order to state a claim upon which relief may be granted?

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

1

**INTRODUCTION**

This complaint, filed by Patrick McWeeny on February 20, 2008, is almost identical to the Consolidated Amended Complaint ("Consolidated Complaint") in the pending Consolidated Shareholder Derivative Action, *In re Atmel Corporation Derivative Litigation* (No. 06-4592 JF). Mr. McWeeny makes the same allegations of stock option backdating. He seeks the same relief against the same defendants.[1]

Unlike the other plaintiffs, however, Mr. McWeeny waited a year and half from the date Atmel's audit committee announced its investigation into backdating before bringing his lawsuit. In the interim, the composition of Atmel's board changed dramatically. By February 20, 2008, the date Mr. McWeeny filed his complaint, the majority of Atmel's board — five out of eight members — was made up of individuals who joined Atmel months or years after he alleges the wrongdoing occurred. None of the five directors is named in this lawsuit. Plaintiff makes no allegations against any of them.

The following chart shows the composition of Atmel's board on the date Mr. McWeeny filed suit and when each director joined Atmel's board:

| Board Membership (2/20/08) | Joined Atmel's Board |
|---|---|
| Charles Carinalli | 2008 |
| Jack L. Saltich | 2007 |
| Papken Der Torossian | 2007 |
| Steven Laub | 2006 |
| David Sugishita | 2004 |
| Dr. Chaiho Kim | 2002 |
| T. Peter Thomas | 1987 |
| Tsung-Ching Wu | 1985 |

Rule 23.1 requires that a derivative plaintiff make a pre-suit demand on the board of directors unless a demand would be futile. Demand is only futile when a majority of the board in place at the time the complaint is filed is either "interested" in the outcome of litigation, or lacks independence. Because a majority of Atmel's board was disinterested and independent when

---

[1] The only substantive difference between the actions is that Mr. McWeeny claims to have purchased stock in Atmel two years before the other plaintiffs.

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

2

1  Mr. McWeeny brought his suit, Rule 23.1 required that he first make a demand on the board. He
2  did not do so. His lawsuit must be dismissed with prejudice.
3      In addition, the individual defendants move to dismiss the complaint pursuant to Rule
4  12(b)(6) for failure to state a claim. The individual defendants moved to dismiss the
5  Consolidated Complaint on September 28, 2007. Because Mr. McWeeny's complaint is worded
6  almost identically to the Consolidated Complaint, the arguments of those motions are equally
7  applicable here and are incorporated by reference.

## ARGUMENT

9      Under Federal Rule of Civil Procedure 23.1, a plaintiff in a derivative suit must either
10 "demand action from the corporation's directors" prior to bringing suit or "plead with
11 particularity the reasons why such demand would have been futile." *In re Silicon Graphics Inc.*
12 *Sec. Litig.*, 183 F.3d 970, 989 (9th Cir. 1999). Plaintiff admits that he "has not made any demand
13 on Atmel's Board of Directors." (Cplt. ¶ 351.) So plaintiff was left with the second option — he
14 had to plead specific facts to show that a demand would have been futile.
15     To establish that a demand on the board would have been futile, the burden is on plaintiff
16 to plead "particularized factual allegations . . . creat[ing] a reasonable doubt" that a majority of
17 the directors is either (1) interested in the outcome of the litigation or (2) lacks independence.
18 *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993).
19     "In the context of a motion to dismiss under Rule 23.1, the Court considers the directors in
20 office at the time a plaintiff brings a complaint." *In re Tyson Foods, Inc.*, 919 A.2d 563, 582
21 (Del. Ch. 2007); *see also In re Verisign, Inc., Deriv. Litig.*, 531 F.Supp.2d 1173, 1188 (N.D. Cal.
22 2007) (dismissing complaint because plaintiffs did not plead facts to show that "a majority of the
23 board as constituted at that time" the complaint was filed were interested). That is the relevant
24 board composition because "that is the board on which the demand would have been made." *See*
25 *In re Asyst Tech., Inc. Deriv. Litig.*, No. C-06-04669 EDL, 2008 WL 2169021, at *3 (N.D. Cal.
26 May 23, 2008) (dismissing complaint on demand futility grounds); *see also Harris v. Carter,* 582
27 A.2d 222, 230 (Del. Ch. 1990) ("What, in the end, is relevant is . . . whether the present board is
28 or is not disabled from exercising its right and duty to control corporate litigation."). The fact that

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1
AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

3

Mr. McWeeny's lawsuit has been consolidated with the other derivative actions does not affect the date on which the board's composition is considered. *See J.G. Link & Co v. Continental Cas. Co.,* 470 F.2d 1133, 1338 (9th Cir. 1972) ("consolidation does not affect any of the substantive rights of the parties."); *see also Mirarchi v. Picard*, No. Civ. A. 17495, 2002 WL 749164, at *3 (Del. Ch. April 22, 2002) (consolidation would not impact demand futility analysis).

On February 20, 2008, the date of plaintiff's complaint, Atmel's board of directors consisted of eight members: David Sugishita, Steven Laub, Tsung-Ching Wu, T. Peter Thomas, Charles Carinalli, Dr. Chaiho Kim, Papken Der Torossian, and Jack L. Saltich. To excuse demand, plaintiff was required to make "particularized factual allegations" demonstrating that at least four of these eight directors were interested or lacked independence. Plaintiff, however, has alleged that only three of these eight board members (Messrs. Wu and Thomas, and Dr. Kim) were "incapable of making an independent and disinterested decision," (Cplt. at ¶¶ 353-62) because the other five board members all joined the board in 2004 or later, after the alleged wrongdoing occurred.[2] (Levine Decl. Exs. A, B.) Mr. McWeeny alleges that stock option manipulation occurred at Atmel between February 1994 and April 2003. (Cplt. at ¶ 181.)

Plaintiff cannot plead that demand would have been futile by making allegations against only three out of eight directors. Even if one were to assume that all three of these directors were interested, the five-member majority would still be presumed disinterested and independent. *See, e.g., In re Career Educ. Corp. Deriv. Litig.*, No. 1398-VCP, 2007 WL 2875203, at *14 (Del. Ch. Sept. 28, 2007) (court "need not consider" allegations regarding a "minority of the directors" because "demand futility arises only when a majority of the directors are interested"); *see also Postorivo v. AG Paintball Holdings, Inc.*, No. 2991-VCP, 2008 WL 553205, at *7 n.29 (Del. Ch. Feb. 9, 2008) (demand not excused where plaintiffs did not challenge "a majority of the board."). Plaintiff has made no allegations at all against the other five directors. He certainly has not pled

---

[2] Plaintiff also alleged that Pierre Fougere is interested, but, as Atmel's Form 8-K shows, Mr. Fougere left the board on February 15, 2008 and was replaced the same day by Charles Carinalli. (Levine Decl. Ex. A). "In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss." *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003).

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

4

"particularized facts" to show such that any is interested or lacks independence. Given that plaintiff has effectively conceded that a majority of Atmel's board could have properly responded to a demand, plaintiff was required to defer to the board to exercise its judgment about what was in the best interests of the company. *See Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 90, 101 (1991). His complaint must be dismissed for failing to comply with Rule 23.1.

In addition, the individual defendants request that the Court dismiss Mr. McWeeny's complaint for failure to state a claim, for the same reasons stated in their motions to dismiss the Consolidated Complaint, filed on September 28, 2007. Since Mr. McWeeny's complaint is virtually identical to the Consolidated Complaint, the arguments of those motions are equally applicable here, and are incorporated by reference.

## CONCLUSION

Plaintiff does not make any allegations against the five-member majority of Atmel's board. None of these five board members was even affiliated with Atmel during the period of alleged wrongdoing. Plaintiff was required to make a demand before bringing this suit. He did not do so. Since his complaint cannot be amended to cure this deficiency, his lawsuit should now be dismissed with prejudice.

In addition, plaintiff's complaint makes only conclusory allegations and does not meet the strict standards of Rule 9(b) and the Reform Act. It should be dismissed for failure to state a claim.

Dated: June 9, 2008

DARRYL P. RAINS
KENNETH A. KUWAYTI
BRIAN L. LEVINE
MORRISON & FOERSTER LLP

By: /s/ Brian L. Levine
Brian L. Levine
Attorneys for Defendants Francis Barton, Kris Chellam, Donald Colvin, Pierre Fougere, Norman T. Hall, B. Jeffrey Katz, Chaiho Kim, Donald Peckham, Bernard Pruniaux, Steven Schumann, T. Peter Thomas, Graham Turner, and Tsung-Ching Wu and Nominal Defendant, Atmel Corporation

DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1255082

5

| | |
|---|---|
| 1 | DARRYL P. RAINS (CA SBN 104802) |
| | KENNETH A. KUWAYTI (CA SBN 145384) |
| 2 | BRIAN L. LEVINE (CA SBN 246726) |
| | MORRISON & FOERSTER LLP |
| 3 | 755 Page Mill Road |
| | Palo Alto, California  94304-1018 |
| 4 | Telephone: (650).813-5600 |
| | Facsimile: (650).494-0792 |
| 5 | *DRains@mofo.com* |
| | *BLevine@mofo.com* |
| 6 | |
| | Attorneys for defendants Francis Barton, Kris Chellam, Donald |
| 7 | Colvin, Pierre Fougere, Norman T. Hall, B. Jeffrey Katz, Chaiho |
| | Kim, Jack Peckham, Bernard Pruniaux, Steven Schumann, T. |
| 8 | Peter Thomas, Graham Turner, and Tsung-Ching Wu and |
| | Nominal Defendant Atmel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK McWEENY, derivatively on behalf of ATMEL CORPORATION, | Master File No. C08-01031-JF |
| | <u>DERIVATIVE ACTION</u> |
| Plaintiff, | |
| | [PROPOSED] ORDER GRANTING |
| v. | DEFENDANTS' MOTION TO |
| | DISMISS COMPLAINT FOR |
| GEORGE PERLEGOS, GUST PERLEGOS, T. PETER THOMAS, CHAIHO KIM, PIERRE FOUGERE, NORMAN T. HALL, TSUNG-CHING WU, KRIS CHELLAM, JACK PECKHAM, DONALD COLVIN, MIKES N. SISOIS, B. JEFFREY KATZ, FRANCIS BARTON, GRAHAM TURNER, BERNARD PRUNIAUX, STEVEN SCHUMANN, and MIKE ROSS, | FAILURE TO COMPLY WITH RULES  23.1 AND 12(b)(6) |
| | Date:     August 8, 2008 |
| | Time:    9:00 a.m. |
| | Place:   Courtroom 3 |
| Defendants, | |
| and | |
| ATMEL CORPORATION, | |
| Nominal Defendants. | |

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1258384

The Defendants' Motion To Dismiss Patrick McWeeny's Complaint For Failure To Comply With Rules 23.1 And 12(b)(6) in the above-referenced action came on for hearing before the Honorable Jeremy Fogel on August 8, 2008.

Having considered all of the papers filed by the parties in connection with Defendants' Motion, the papers and records on file in this action, the parties' arguments at the hearing on this matter, and other matters of which the Court may properly take judicial notice, the Court HEREBY ORDERS:

The Defendants' Motion To Dismiss Patrick McWeeny's Complaint For Failure To Comply With Rules 23.1 And 12(b)(6) is **GRANTED**.  Patrick McWeeny's action is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH FRCP 23.1 AND 12(b)(6), Case No. C08-01031-JF
pa-1258384

1