1   FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
2   BETSY C. MANIFOLD (182450)
    manifold@whafh.com
3   RACHELE R. RICKERT (190634)
    rickert@whafh.com
4   WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
5   750 B Street, Suite 2770
    San Diego, CA 92101
6   Telephone: 619/239-4599
    Facsimile: 619/234-4599
7
8   ERIC L. ZAGAR (250519)
    ezagar@sbtklaw.com
9   NICHOLE T. BROWNING (251937)
    nbrowning@sbtklaw.com
10  TARA P. KAO
    tkao@sbtklaw.com
11  SCHIFFRIN BARROWAY TOPAZ
      & KESSLER, LLP
12  280 King of Prussia Road
    Radnor, PA 19087
13  Telephone:   610/667-7706
    Facsimile:   610/667-7056
14
    Co- Lead Counsel for Plaintiffs
15

16                  UNITED STATES DISTRICT COURT

17          FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                       SAN JOSE DIVISION

19  In re ATMEL CORPORATION          )  Master File No. 06-4592 JF (HRL)
    DERIVATIVE LITIGATION            )
20                                   )
                                     )  DERIVATIVE ACTION
21  _____)
                                     )  PLAINTIFFS'      OPPOSITION      TO
22  This Document Relates To:        )  DEFENDANTS' MOTION TO DISMISS
                                     )  COMPLAINT    FOR    FAILURE    TO
23                                   )  COMPLY WITH FED. R. CIV. P. 23.1
       McWEENY Action (C08-01031-JF) )  AND      12(b)(6);    AND    IN    THE
24  _____)  ALTERNATIVE,    CROSS-MOTION    TO
                                     )  STRIKE  DEFENDANTS'  MOTION  TO
25                                   )  DISMISS FROM THE DOCKET
                                     )
26                                   )  DATE:       August 8, 2008
                                     )  TIME:       9:00 a.m.
27                                   )  CRTRM:      3, 5th Floor
                                     )  JUDGE:      Hon. Jeremy Fogel
28

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

**NOTICE OF MOTION AND MOTION**

PLEASE ALSO TAKE NOTICE THAT on August 8, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of Judge Jeremy Fogel, located at 280 South First Street, San Jose, California, 95113, Courtroom 3, Plaintiffs shall, and hereby do, move to strike from the docket Defendants' motion to dismiss complaint for failure to comply with Fed. R. Civ. P. 12(b)(6) as procedurally improper, redundant and a waste of judicial resources.

This motion is based upon this Notice of Cross-Motion and Cross-Motion, and the accompanying Memorandum of Points and Authorities.

DATED: July 2, 2008

Respectfully submitted,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

_____
BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
NICHOLE T. BROWNING (251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: 925/945-0770
Facsimile: 925/945-8792
-and-
ERIC L. ZAGAR
TARA P. KAO
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
Facsimile: 610/667-7056

Co-Lead Counsel for Plaintiffs

ATMEL16170

1

**TABLE OF CONTENTS**

2   I.    RELEVANT PROCEDURAL HISTORY ....................................................................2

3   II.   DEFENDANTS' MOTION TO DISMISS THE *MCWEENY* ACTION IS A
         PROCEDURAL NULLITY AND A WASTE OF JUDICIAL RESOURCES ....................4

4   III.  DEFENDANTS ARE PRECLUDED FROM RE-LITIGATING THE ISSUE OF
         DEMAND FUTILITY, WHICH WAS ALREADY DECIDED BY THIS COURT
5         IN THE SAME CONSOLIDATED ACTION ................................................................5

6         A.    This Court Has Already Held that Demand is Futile and Plaintiffs Are
7               Not Required to Re-Allege Demand Futility as to a New Board ..............................6

8         B.    The *McWeeny* Case Relates Back to the Initial Complaint, and the
               Court has Held that Demand is Excused..................................................................7

9         C.    Defendants Are Barred From Re-Litigating the Issue of Demand Futility................8

10  IV.   CONCLUSION..............................................................................................................10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

## Cases

3

*ABB, Inc. v. Reed City Power Line Supply Co.,*
   No. 1:07-CV-420, slip copy, 2007 WL 2713731 (W.D. Mich. Sept. 18, 2007)............................5

4

*American Guarantee & Liability Ins. Co. v. CTA Acoustics, Inc.,*
   No. 05-80-KKC, slip copy, 2008 WL 1924229 (E.D. KY April 29, 2008)................................5

5

6

*Aronson v. Lewis,*
   473 A.2d 805 (Del. 1984) ................................................................................................9

7

*Bank of New York v. Fremont General Corp.,*
   514 F.3d. 1008 (9th Cir. 2008) ........................................................................................9

8

9

*Bansbach v. Zinn,*
   801 N.E. 2d 395 (N.Y. 2003)..........................................................................................10

10

*Christianson v. Colt Indus. Operating Corp.,*
   486 U.S. 800 (1988)........................................................................................................9

11

12

*Conrad v. Blank,*
   940 A.2d 28 (Del. Ch. 2007)...........................................................................................2

13

*DeCosta v. Viacom Int'l, Inc.,*
   981 F.2d 602 (1st Cir. 1992)...........................................................................................10

14

15

*Harris v. Carter,*
   582 A.2d 222 (Del. Ch. 1990)......................................................................................7, 8

16

*In re Beer Antitrust Litig.,*
   No. C-97-20644-JF, 2002 WL 1285320 (N.D. Cal April 3, 2002)................................1, 5

17

18

*In re V&M Mgmt., Inc.,*
   321 F.3d 6 (1st Cir. 2003)..............................................................................................11

19

*Los Angeles Police Protective League v. City of Los Angeles,*
   102 Cal. App. 4th 85 (Cal. App. 2 Dist. Sept. 18, 2002) ..............................................10

20

*Lucido v. Superior Court of Mendocino County,*
   51 Cal.3d 335 (Cal. 1990)..............................................................................................10

21

22

*Miles v. Aetna Cas. & Sur. Co.,*
   412 Mass. 424 (Mass. 1992)...........................................................................................11

23

*Parklane Hosiery Co., Inc. v. Shore,*
   439 U.S. 322 (1979).......................................................................................................10

24

*Pignons S.A. de Mecanique v. Polaroid Corp.,*
   701 F.2d 1 (1st Cir. 1983).........................................................................................10, 11

25

26

*Roos v. Red,*
   130 Cal. App. 4th 870 (2005) ........................................................................................11

27

*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.,*
   58 Cal.2d 601 (Cal. 1962)................................................................................................9

28

1

*Stiegele ex. rel. Viisage Tech., Inc. v. Bailey,*
   No. 05-10677-MLW, slip copy, 2007 WL 4197496 (D. Mass. Aug. 23, 2007)............................6

2

**Statutes**

3

Fed. R. Civ. P. 12(b)(6)...........................................................................................................*passim*

4

Fed. R. Civ. P. 23.1 ...............................................................................................................*passim*

5

**Other Authorities**

6

Restatement (Second) of Judgments, §27 cmt. c ....................................................................9, 10

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **STATEMENT OF ISSUES TO BE DECIDED (N. D. L.R. 7-4(a)(3))**

2        (1)    Whether Defendants are precluded from making a second motion to dismiss the

3    *McWeeny* complaint under Fed. R. Civ. P. 23.1 when the Court had already denied their motion to

4    dismiss this consolidated action; and

5        (2)    Whether Defendants' Motion to Dismiss should be stricken from the docket as

6    procedurally improper.

7        **MEMORANDUM OF POINTS AND AUTHORITIES**

8        Plaintiffs respectfully submit their opposition to Defendants' Motion to Dismiss the

9    *McWeeny* action as the Court has already decided the issue of demand futility, which has been

10   hereby presented to this Court for the second time by Defendants.  In the alternative, Plaintiffs

11   move to strike from the docket Defendants' Motion to Dismiss as precluded by applicable case

12   law on the grounds that Defendants' motion is procedurally improper. *See e.g., In re Beer*

13   *Antitrust Litigation*, No. C-97-20644-JF, 2002 WL 1285320, at *3 (N.D. Cal. April 3, 2002)

14   (improperly filed motion removed from the Court's docket).

15       As stated herein, Defendants' untimely and superfluous Motion to Dismiss the superseded

16   *McWeeny* complaint is procedurally improper and moot and therefore should be denied in its

17   entirety.  First, based on the Court's orders in this Consolidated Action (denied herein), the

18   *McWeeny* complaint is *not* the operative complaint.  A motion to dismiss a superseded complaint

19   is a procedural nullity and must be denied or stricken.  Second, in the Consolidated Action, in

20   which *McWeeny* is included, the Court has already decided that demand on Atmel's Board was

21   excused. *See* Court Order Granting in Part and Denying in Part Motions to Dismiss for (1) Failure

22   to Comply With Fed. R. Civ. Pro. 23.1; and (2) Failure to State a Claim Upon Which Relief May

23   be Granted, dated June 25, 2008, DKT. No. 161 (the "June 25, 2008 Order"), at 11-12.  Under the

24   "law of the case" and issue preclusion doctrines, the issue of demand futility cannot be re-litigated

25   in the *McWeeny* Action (defined herein) because it has already been decided in the Consolidated

26   Action.  Finally, even if the Court considers the "merits" of the motion (and it should not),

27   demand is determined at the time of the initial complaint in the consolidated action, *i.e.*, July 27,

28   2006, because the *McWeeny* Action relates back to the original complaint for demand futility

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

1   purposes. Because the Court has already determined that demand was excused at the time of the

2   initial complaint, Defendants' Motion to Dismiss the *McWeeny* Action should be denied in its

3   entirety.

4          Even if Defendants are correct that the *McWeeny* complaint can and should be dismissed

5   under Fed. R. Civ. P. 23.1 (which they clearly are not), the dismissal of the *McWeeny* Action

6   would have no effect on the Consolidated Action and would not preclude Plaintiff McWeeny from

7   serving as an additional plaintiff in the Consolidated Action. As was indicated in *Conrad v.*

8   *Blank*, 940 A.2d 28, 42 (Del. Ch. 2007) where the court was concerned that plaintiff lacked

9   standing to prosecute certain claims, "the court [] condition[ed] the dismissal of Conrad's pre-

10  1998 claims on the receipt of further information from the parties about the possibility of some

11  other stockholder intervening to assert those early claims . . . ." Here, Plaintiff McWeeny can

12  either intervene or be joined as a plaintiff in the Consolidated Action under Fed. R. Civ. P. 20. As

13  such, Defendants' Motion to Dismiss is frivolous and accomplishes nothing.

14  **I.     RELEVANT PROCEDURAL HISTORY**

15         On October 4, 2006, the Court ordered the shareholder derivative actions entitled

16  *Juengling v. Perlegos et al.*, Case No. 06-cv-04592-JF (filed N.D. Cal. on July 27, 2006), *Kelley v.*

17  *Perlegos et al.*, Case No. 06-cv-04680-JF (filed N.D. Cal. on Aug. 3, 2006), and *Noble v. Perlegos*

18  *et al.*, Case No. 06-cv-4973-MJJ (filed N.D. Cal. on Aug. 17, 2006) consolidated under the caption

19  *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592-JF (the "Consolidated

20  Action"). The Court Order dated October 4, 2006 (the "Consolidation Order") further stated that

21  "[a]ny other actions now pending or hereafter filed in this District which arise out of the same

22  facts and claims as alleged in these related actions shall be consolidated for all purposes if and

23  when the Court is apprised of them." *See* Consolidation Order, DKT. No. 23 at 2-3.[1]

24  _____

25  [1]     Pursuant to the Consolidation Order, on November 3, 2006, plaintiffs James Juengling, Kenneth
    Kelley and Anthony Noble filed their Verified Consolidated Shareholder Derivative Complaint (the
    "Consolidated Complaint"). On July 16, 2007, the Court granted Defendants' Motions to Dismiss the
26  Consolidated Complaint for failure to state a claim and provided Plaintiffs with leave to amend the
27  Consolidated Complaint. *In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF (HRL), slip copy, 2007
    WL 2070299, at *7-11 (N.D. Cal. July 16, 2007), The Court also deferred ruling on the motion to dismiss
28  for failure to make a demand under Fed. R. Civ. P. 23.1. *Id.* at *13.

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

1    On August 21, 2007, Plaintiffs James Juengling, Kenneth Kelley, Anthony Noble and

2    Randel Smith (collectively, "Plaintiffs") filed their Verified Amended Consolidated Shareholder

3    Derivative Complaint (the "CAC").    On September 28, 2007, the Individual Defendants,

4    Defendants George and Gus Perlegos, and Defendant Mikes Sisois filed three separate motions to

5    dismiss the CAC, and Nominal Defendant Atmel filed a Motion to Dismiss the CAC for failure to

6    make a demand.[2]  The motions to dismiss were fully briefed by the parties and oral argument was

7    heard before the Court on February 29, 2008.

8    On February 20, 2008, Plaintiff Patrick McWeeny filed an identical case, *McWeeny v.*

9    *Perlegos* Case No. 5:08-cv-01031-JF (N.D. Cal.) (the "*McWeeny* Action").   On February 28,

10   2008, the Court signed an order, entered on March 3, 2008, consolidating the *McWeeny* Action for

11   all purposes as part of the Consolidated Action.    *See* Order Granting Motion to Relate and

12   Consolidate Case Number 5:08-cv-1031-JF, dated March 3, 2008, DKT. No. 150.    Under the

13   Consolidation Order, Plaintiffs' consolidated complaint "shall be deemed the operative complaint,

14   superseding all complaints filed in any of the actions consolidated hereunder."    Consolidation

15   Order at 4.    Thus, under the Consolidation Order, the CAC is the operative complaint in the

16   *McWeeny* Action.

17   Despite the clear language of the Consolidation Order to which Defendants stipulated, on

18   June 9, 2008, Defendants filed a Motion to Dismiss ("Def. Br.") the superseded complaint in the

19   *McWeeny* Action for failure to comply with Fed. R. Civ. P. 23.1[3] while the same Motion to

20   Dismiss the operative complaint in the Consolidation Action was pending before the Court.

21   Defendants filed a motion to dismiss after the Parties met and conferred on May 21, 2008.    During

22

23   _____

24   [2]    On January 2, 2008, defendant Michael Ross filed a Motion to Dismiss the Amended Complaint
     for failure to state a claim.

25   [3]    Defendants' Motion is docket no. 8 in the *McWeeny* Action, Case No. 5:08-cv-01031-JF.
     According to the Consolidation Order, Defendants improperly filed their motion.  The Court directed that
26   all motions in the Consolidated Action (which includes *McWeeny*) be filed under the Master File Number
     with an indication of which matter that the motion "relates to."  Consolidation Order at 2-3.  Defendants
27   failed to follow the Court's Order regarding filing.  Plaintiffs' caption and filing complies with the relevant
     Court orders.
28

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

1    their meet and confer, counsel for Plaintiffs reminded counsel for the Company that the *McWeeny*

2    Action had been consolidated with the Consolidated Action. *See* May 22, 2008 Letter from Betsy

3    C. Manifold to Kenneth A. Kuywati, attached as Exhibit A to the Declaration of Betsy C.

4    Manifold ("Manifold Decl.").

5        On June 25, 2008, the Court denied Defendants' Motion to Dismiss the CAC for failure to

6    comply with Fed. R. Civ. P. 23.1. *See* June 25, 2008 Order at 11-12. The Court also granted in

7    part and denied in part Defendants' other motions to dismiss the CAC for failure to state a claim.

8    *Id.* at 22.

9    **II.    DEFENDANTS' MOTION TO DISMISS THE *MCWEENY* ACTION IS A**
     **PROCEDURAL NULLITY AND A WASTE OF JUDICIAL RESOURCES**

10       Ignoring the Court's prior orders and the operative complaint, Defendants lodge an attack

11   on a complaint that has been superseded by the CAC. Interestingly, Defendants fail to advise the

12   Court in their motion that the *McWeeny* complaint is ***not*** the operative complaint in the

13   Consolidated Action. In fact, Defendants' motion entirely ignores the Court's Consolidation

14   Order and the Court's Order dated March 3, 2008 consolidating the *McWeeny* Action for all

15   purposes into the Consolidated Action.[4] *See* Def. Br.[5] at 2-3. Defendants even confuse the

16   procedural posture of the *McWeeny* Action ***by using the wrong caption and filing their motion***

17   ***under the wrong Master File Number***. *Id.*

18       Under the Consolidation Order "every pleading filed in these consolidated actions, ***or in***

19   ***any separate actions included herein***, shall bear the [] caption" [of the Consolidated Action].

20   Consolidation Order at ¶3 (emphasis added). By using the wrong caption and case number, the

21   Court is not immediately alerted to the fact that the *McWeeny* Action was superseded by the

22   Consolidated Action.

23       More importantly, filing a motion to dismiss a superseded complaint, *i.e., **not*** the operative

24

25   ───────────────

26   [4]    Under the Consolidation Order, the CAC "shall be deemed the operating complaint, superseding all
     complaints filed in any of the actions consolidated hereunder." Consolidation Order at 4.

27   [5]    "Def. Br." refers to Defendants' Motion to Dismiss Complaint for Failure to Comply with Fed. R.
     Civ. P. 23.1 and 12(b)(6). *See* fn.3.

28

1    complaint in this Consolidated Action, is a procedural nullity and renders the motion to dismiss

2    moot. *See, e.g., American Guarantee & Liability Ins. Co. v. CTA Acoustics, Inc.*, No. 05-80-KKC,

3    slip copy, 2008 WL 1924229, at *2 (E.D. KY April 29, 2008); *ABB, Inc. v. Reed City Power Line*

4    *Supply Co.*, No. 1:07-CV-420, slip copy, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007).

5    In addition, Defendants' motion to dismiss is duplicative of the same motion to dismiss which was

6    just resolved by the Court's June 25, 2008 Order.  Here, Defendants are essentially asking the

7    Court to dismiss a complaint already superseded by court order, which amounts to a procedural

8    nullity.  Quite simply, it is a colossal waste of judicial resources to have the Court consider a

9    procedural nullity (motion to dismiss a superseded complaint) and decide again the same issue in

10   the same case.

11        Since Defendants' motion to dismiss is procedurally improper, immaterial, and redundant,

12   the Plaintiffs hereby request that the Court strike the motion from its docket.  *See e.g., In re Beer*

13   *Antitrust Litigation*, 2002 WL 1285320, at *3 (improperly filed motion removed from the Court's

14   docket).[6]

15   **III.    DEFENDANTS ARE PRECLUDED FROM RE-LITIGATING THE ISSUE OF
          DEMAND FUTILITY, WHICH WAS ALREADY DECIDED BY THIS COURT IN**
16   **THE SAME CONSOLIDATED ACTION**

17        Defendants attempt to re-litigate the issue of demand futility, which has already been

18   decided by the Court in its June 25, 2008 Order, arguing that the superseded *McWeeny* complaint

19   must be dismissed for failure to adequately plead futility of demand as of February 20, 2008. This

20   Court should reject Defendants' attempts to re-litigate this issue.  First, demand futility should be

21   assessed as of the date of the commencement of the *original* action, not upon the filing of each

22   related case which is thereafter consolidated into the initial action.  Here, because the *McWeeny*

23   Action is substantially similar to and consolidated into the Consolidated Action, demand is

24   considered at the time of the commencement of the Consolidated Action, *i.e.*, July 27, 2006.

25

26   [6]    In *Beer Antitrust Litig.*, when the renewed filing of a motion for class certification was
     unauthorized (just as Defendants' Motion to Dismiss is here), this Court declined, as it should here, to
27   consider the motion and granted the parties' request to strike the brief as procedurally improper.  2002 WL
     1285320, at *3.
28

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

1    Thus, Plaintiffs are not required to make a demand on the new board.  Second, the superseded

2    *McWeeny* complaint relates back to the original complaint for demand futility purposes.  Last,

3    even assuming, *arguendo*, that the *McWeeny* Action was not superseded by the Consolidated

4    Action, this Court should not re-assess the issue of demand futility under the "law of the case"

5    doctrine and issue preclusion, which preclude Defendants from re-litigating the issues already

6    decided by this Court in this case.

7
        **A.      This Court Has Already Held that Demand is Futile and Plaintiffs Are Not
8                 Required to Re-Allege Demand Futility as to a New Board**

9        Defendants argue that the *McWeeny* Action should be dismissed because at the time

10   Plaintiff McWeeny filed his Complaint, a newly constituted Board of Directors was in place and

11   was purportedly fully capable of entertaining a demand.  Def. Br. at 2-4.   In support of their

12   argument, Defendants cite no case law for the proposition that Plaintiffs must make a new demand

13   before each and every related case is consolidated.  *Id.* at 4.[7]

14       Contrary to Defendants' arguments, Plaintiffs are not required to allege demand futility as

15   to a new board of directors in place at the time of a later complaint **unless** "new claims" are

16   asserted in the later complaint when compared to the initial complaint.  *Stiegele ex rel. Viisage*

17   *Tech., Inc. v. Bailey*, No. 05-10677-MLW, slip copy, 2007 WL 4197496 (D. Mass. Aug. 23,

18   2007).[8]  For purposes of demand futility, new claims do not refer narrowly to new legal theories of

19   liability, but rather broadly to the acts and transactions alleged in the initial complaint.

20           Thus, an amendment or supplement to a complaint that elaborates upon facts
             relating to acts or transactions alleged in the original pleading, or asserts new
21           legal theories of recovery based upon the acts or transactions that formed the
             substance of the original pleading, would not, in my opinion, constitute a matter

23
     _____
     [7]    In addition, Defendants did not raise this issue before stipulating to the Consolidation Order and
24   before the *McWeeny* Action was consolidated into the Consolidated Action.

25   [8]    In *Stiegele*, 2007 WL 4197496, the plaintiff filed an amended complaint reasserting earlier claims
     and adding "new claims based on factual allegations which were completely unrelated to the 'old claims'
26   asserted in the initial complaint." *Id.* at *4.  In accordance with the rationale in *Harris v. Carter*, 582 A.2d
     222, 231 (Del. Ch. 1990), the *Stiegele* court held that demand futility with respect to the "new claims" was
27   assessable as of the date of the filing of the amended complaint and that demand futility with respect to the
     "old claims" was assessable as of the date of the filing of the initial complaint. *Id.* at *6.
28

that would require a derivative plaintiff to bring any part of an amended or supplemental complaint to the board prior to filing.

*Harris v. Carter*, 582 A.2d 222, 231 (Del. Ch. 1990).

Here, the *McWeeny* Complaint ***did not add*** any new claims to the Consolidated Action. The *McWeeny* Action arises out of the same facts and claims as alleged in the Consolidated Action. Indeed, Defendants admit the *McWeeny* Action is substantially similar to the Consolidated Action. Def. Br. at 3 ("This complaint … is almost identical to the Consolidated Amended Complaint…"). Because the superseded *McWeeny* Complaint asserts no "new claims," but rather elaborates on the facts relating to the backdated stock option grants alleged in the initial complaint, demand futility as to these "old claims" is properly assessed as to the Atmel Board as composed on July 27, 2006, and not February 20, 2008, as Defendants suggest.

**B.     The *McWeeny* Case Relates Back to the Initial Complaint, and the Court has Held that Demand is Excused**

In reviewing the allegations of the operative CAC, the Court has already held that Plaintiffs have pled with sufficient particularity that a majority of the members of the Board at the time of the commencement of the Consolidated Action (five out of eight Board members) were incapable of properly considering a demand to prosecute this Action against Defendants. June 25, 2008 Order at 12. Specifically, the Court held that Plaintiffs have raised a reasonable doubt that Gust Perlegos and Wu were disinterested because they both received backdated stock options, a benefit not equally shared by Atmel shareholders. *Id.* at 11. In addition, the Court held that Plaintiffs' allegations established a substantial likelihood of liability as to Defendants Thomas, Kim and Fougere because these Defendants, as Compensation Committee members, intentionally violated Atmel's stock options plans by backdating stock options. *Id.* at 11-12. Based on the foregoing reasons, the Court concluded that demand is futile because a majority of the Board was incapable of independently and disinterestedly considering a demand to prosecute Plaintiffs' claims. *Id.* As such, the Court denied Atmel's motion to dismiss for failure to make a pre-suit demand.

Once consolidated, the *McWeeny* complaint relates back to Plaintiffs' initial complaint for purposes of assessing demand futility. Demand futility is determined based on the

PLS' OPP TO DEFS' MOT TO DISMISS; MOT TO STRIKE FROM DKT MASTER FILE NO. 06-4592 JF (HRL)

1    disinterestedness and independence of the Board *at the time suit was filed.* *See Aronson v. Lewis*,

2    473 A.2d 805, 809-10 (Del. 1984) ("Futility is gauged by the circumstances existing at the

3    commencement of a derivative suit."). Furthermore, in denying Defendants' motion to dismiss,

4    the Court "evaluate[d] the futility of making demand on the board in place at the time the initial

5    complaint was filed." June 25, 2008 Order at 10. Thus, demand futility in the *McWeeny* Action,

6    which has been consolidated into the Consolidated Action, must be evaluated against the Atmel

7    Board at the time the initial complaint was filed, when the Board consisted of defendants George

8    Perlegos, Gust Perlegos, Wu, Fougere, Thomas, Kim, David Sugishita and Steven Laub. As a

9    result, as the Court has already concluded, demand is futile. *Id.*

10        In addition, the "law of the case" doctrine prevents this Court from re-assessing the issue

11   of demand futility. The law of the case doctrine stands for the proposition that when "a court

12   decides upon a rule of law, that decision should continue to govern the same issues in subsequent

13   stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

14   Under the "law of the case" doctrine, the Court need not re-decide the issue of demand futility,

15   because the Court has already decided this issue in the context of the CAC. *See Bank of New York*

16   *v. Fremont General Corp.*, 514 F.3d. 1008, 1017 n.6 (9th Cir. 2008).

17        **C.    Defendants Are Barred From Re-Litigating the Issue of Demand Futility**

18        Even assuming, *arguendo*, that the *McWeeny* action was not superseded by the

19   Consolidated Action, the doctrine of issue preclusion prohibits re-litigation of the issue of demand

20   futility. Issue preclusion prevents re-litigation of issues argued and decided in a "prior"

21   proceeding (*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, 604 (Cal. 1962)) and

22   "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with

23   the same party or his privy and of promoting judicial economy by preventing needless litigation"

24   (*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979)). The doctrine applies in the

25   following situations:

26        First, the issue sought to be precluded from relitigation must be identical to that
          decided in a former proceeding. Second, this issue must have been actually
27        litigated in the former proceeding. Third, it must have been necessarily decided in
          the former proceeding. Fourth, the decision in the former proceeding must be final

28

1   and on the merits. Finally, the party against whom preclusion is sought must be the
    same as, or in privity with, the party to the former proceeding.

2   *Lucido v. Superior Court of Mendocino County*, 51 Cal.3d 335, 341 (Cal. 1990).[9]

3          As discussed above, Defendants have already litigated the issue of demand futility and lost.

4   *See* June 25, 2008 Order at 11-12. The issue decided in the Court's earlier decision is ***identical*** to

5   the issue presented here. *See id.* at 12, 22. Defendants concede that there is nothing in the

6   *McWeeny* complaint that amounts to a "significant change" in the claims from the operative

7   consolidated complaint. *See* Def. Br. at 2; *DeCosta v. Viacom Int'l, Inc.*, 981 F.2d 602, 605 (1st

8   Cir. 1992); *Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 2 (1st Cir. 1983) (looking

9   for material difference in facts).[10] Thus, the allegations in the superseded *McWeeny* complaint are

10  not "new" or "different."

11         Moreover, the issue was actually litigated, necessarily decided, final and on the merits.

12  June 25, 2008 Order at 12, 22. Finally, the "same parties" requirement is also met because the

13  defendants, the party against whom collateral estoppel is sought here, is the same party against

14  whom the issue was decided by the Court.[11] Therefore, Defendants may not re-litigate the issue of

15  demand futility in the *McWeeny* Action, which has already been consolidated into the

16  Consolidated Action.

17         As a result, under the doctrine of issue preclusion, the defendants who have litigated an

18  ultimate fact may not bring forward different evidentiary facts in order to relitigate the finding. *In*

19  *re V&M Mgmt., Inc.*, 321 F.3d 6, 9 (1st Cir. 2003); *Pignons*, 701 F.2d at 2-3; *Miles v. Aetna Cas.*

20  *& Sur. Co.*, 412 Mass. 424, 427-428 (Mass. 1992); *see* Restatement (Second) of Judgments, §27

21

22  [9]    *See also Los Angeles Police Protective League v. City of Los Angeles*, 102 Cal. App. 4th 85, 91
    (Cal. App. 2 Dist. Sept. 18, 2002) (collateral estoppel effect given to holding in previous case where issue
23  decided was identical, prior judgment was final, and party against whom collateral estoppel was being
24  asserted was a party to the previous case).

25  [10]   *See also Bansbach v. Zinn*, 801 N.E. 2d 395, 401-02 (N.Y. 2003) (no identity of demand futility
    issues in two derivative suits based on different transactions).

26  [11]   "Because the estoppel need not be mutual, it is not necessary that the earlier and later proceedings
    involve the identical parties or their privies. Only the party ***against whom*** the doctrine is invoked must be
27  bound by the prior proceeding." *Roos v. Red*, 130 Cal. App. 4th 870, 879 (2005) (internal quotation and
    citation omitted).

28

cmt. c ("[I]f the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact.").

## IV.    CONCLUSION

Based on the foregoing, Nominal Defendants' Motion to Dismiss should be denied in its entirety or, in the alternative, should be stricken from the docket as a procedurally improper, immaterial, redundant and a waste of judicial resources.

DATED:  July 2, 2008                              Respectfully submitted,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

_____
BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
NICHOLE T. BROWNING (251937)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: 925/945-0770
Facsimile: 925/945-8792

-and-

ERIC L. ZAGAR (250519)
NICHOLE T. BROWNING (251937)
TARA P. KAO
280 King of Prussia Road
Radnor, PA 19087
Telephone:  610/667-7706
Facsimile:  610/667-7056

Co-Lead Counsel for Plaintiffs

ATMEL:16170

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

15

In re ATMEL CORPORATION
DERIVATIVE LITIGATION

Master File No. 06-4592 JF (HRL)

16

DERIVATIVE ACTION

17

This Document Relates To:

**[PROPOSED] ORDER IN SUPPORT OF
CROSS-MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS
FROM THE DOCKET**

18

*McWEENY* Action (C08-01031-JF)

19

20

DATE:        August 8, 2008
TIME:        9:00 a.m.
CRTRM:    3, 5th Floor
JUDGE:     Hon. Jeremy Fogel

21

22

23

24

25

26

27

28

1    Plaintiffs' cross-motion for an order striking Defendants' motion to dismiss from the

2  docket came on for hearing on or about August 8, 2008.  The Court has considered the cross-

3  motion, all submissions of counsel, and all other papers filed in this action.  The matter having

4  been submitted and good cause appearing therefore:

5    The Court finds as follows:

6    1.    Defendants' Motion to Dismiss Complaint for Failure to Comply with Fed. R. Civ.

7  P. 23.1 and 12(b)(6), Case No. C08-01031 JF will be stricken form the Court's docket.

8    Good cause appearing therefore, IT IS HEREBY ORDERED that:

9  Defendants' Motion to Dismiss Complaint for Failure to Comply with Fed. R. Civ. P. 23.1

10  and 12(b)(6), Case No. C08-01031 JF will be stricken form the Court's docket.

11    IT IS SO ORDERED:

12  DATED: _____       _____

13                                            THE HONORABLE JEREMY FOGEL
                                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18  ATMEL:16173

19

20

21

22

23

24

25

26

27

28

PROPOSED ORDER ISO PLS' OPP TO DEFS' MOTION TO DISMISS - Master File NO. 06-4592 JF (HRL)

- 1 -