| | |
|---|---|
| 1 | FRANCIS M. GREGOREK (144785) |
|   | gregorek@whafh.com |
| 2 | BETSY C. MANIFOLD (182450) |
|   | manifold@whafh.com |
| 3 | RACHELE R. RICKERT (190634) |
|   | rickert@whafh.com |
| 4 | WOLF HALDENSTEIN ADLER |
|   |   FREEMAN & HERZ LLP |
| 5 | 750 B Street, Suite 2770 |
|   | San Diego, CA 92101 |
| 6 | Telephone: 619/239-4599 |
| 7 | Facsimile:  619/234-4599 |
| 8 | ERIC L. ZAGAR (250519) |
|   | ezagar@sbtklaw.com |
| 9 | NICHOLE BROWNING (251937) |
|   | nbrowning@sbtklaw.com |
| 10 | TARA P. KAO |
|    | tkao@sbtklaw.com |
| 11 | SCHIFFRIN BARROWAY TOPAZ |
|    |   & KESSLER, LLP |
| 12 | 280 King of Prussia Road |
|    | Radnor, PA 19087 |
| 13 | Telephone:  610/667-7706 |
|    | Facsimile:   610/667-7056 |
| 14 | |
| 15 | Co- Lead Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re ATMEL CORPORATION DERIVATIVE LITIGATION | )  Master File No. 06-4592 JF (HRL) )<br>)  DERIVATIVE ACTION<br>)<br>)  **DECLARATION OF BETSY C. MANIFOLD IN**<br>)  **SUPPORT OF PLAINTIFFS' OPPOSITION TO**<br>)  **DEFENDANTS' MOTION TO DISMISS**<br>)  **COMPLAINT FOR FAILURE TO COMPLY**<br>)  **WITH FED. R. CIV. P. 23.1 AND 12(b)(6); AND**<br>)  **IN THE ALTERNATIVE, CROSS-MOTION TO**<br>)  **STRIKE DEFENDANTS' MOTION TO**<br>)  **DISMISS FROM THE DOCKET**<br>)<br>)  DATE:       August 8, 2008<br>)  TIME:        9:00 a.m.<br>)  CRTRM:    3, 5th Floor<br>)  JUDGE:     Hon. Jeremy Fogel |
| This Document Relates To: | |
| *McWEENY* Action (C08-01031-JF) | |

DECL OF MANIFOLD ISO PLS' OPP TO DEFS' MOTION TO DISMISS - Master File NO. 06-4592 JF (HRL)

I, Betsy C. Manifold, declare as follows:

I am a member of the law firm of Wolf Haldenstein Adler Freeman and Herz LLP, and am admitted to practice before this Court. I have personal knowledge of the facts stated below.

1.  My firm is co-lead counsel on behalf of the Plaintiffs. I submit this Declaration in Support of Plaintiffs' Cross-Motion to Strike Defendants' Motion from the Docket and in Opposition to Defendants' Motion to Dismiss Complaint for Failure to Comply with Fed. R. Civ. P. 23.1 and 12(b)(6).

2.  Attached hereto are true and correct copies of the following:

    Exhibit A:   Letter dated May 22, 2008 from Wolf Haldenstein Adler Freeman & Herz LLP (by Betsy Manifold) to Morrison & Foerster LLP (Kenneth A. Kuwayti);

3.  On May 21, 2008, I meet and conferred with Kenneth A. Kuwayti, Esq. of Morrison & Foerster, counsel for Defendants Francis Barton, Kris Chellam, Donald Colvin, Pierre Fougere, Norman T. Hall, B. Jeffrey Katz, Chaiho Kim, Jack Peckham, Bernard Pruniaux, Steven Schumann, T. Peter Thomas, Graham Turner, and Tsung-Ching Wu and Nominal Defendant Atmel Corporation (collectively "Defendants") with regard to Defendants' Motion to Dismiss the complaint in *McWeeny v. Perlegos*, Case No. 5:08-cv-01031-JF (the "*McWeeny* Action").

4.  During the meet and confer, I explained the position of plaintiffs (including Mr. Patrick McWeeny) that no response was required to the *McWeeny* complaint because the *McWeeny* Action was now consolidated under Master File No. C06-04592 JF ("Consolidated Action") by Orders of the Court dated October 4, 2006 and March 3, 2008. I explained that based on the Court's consolidation orders, the consolidated derivative complaint filed under the Consolidated Action was the operative complaint and any motion to dismiss the *McWeeny* complaint would be procedurally improper and a waste of the Court's resources.

5.  I also explained that Defendants already had the same motion pending in the Consolidated Action and that it made no sense to have duplicative serial motions on the same issue pending before the Court in the same action.

6.  Nonetheless, Defendants reiterated their determination to file a second motion on the same issue.

DECL OF MANIFOLD ISO PLS' OPP TO DEFS' MOTION TO DISMISS - Master File NO. 06-4592 JF (HRL)

- 2 -

7. Based on the meet and confer, on May 22, 2008, I sent the letter attached hereto as Exhibit A confirming Plaintiffs' positions. In addition, I advised the Defendants that Plaintiffs will comply with the Court's Standing Order and Local Rules in advising them of available dates without waiver of any defense or objection to Defendants' motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July 2008, in San Diego, California.

*[signature]*
BETSY C. MANIFOLD

ATMEL:16168

\

# EXHIBIT A

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
619-239-4599
FAX 619-234-4599

BETSY MANIFOLD
DIRECT DIAL
619-234-3896

270 MADISON AVENUE
NEW YORK, NY 10016

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603
312-984-0000

May 22, 2008

VIA FACSIMILE

Kenneth A. Kuwayti, Esq.
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018

     Re:   *In re Atmel Corporation Derivative Litigation*,
            Case No. C06-04592 JF

Dear Kenneth:

     This letter follows up on our telephone conversation of May 21, 2008 regarding defendants' request to meet and confer on a briefing schedule for a proposed motion to dismiss *McWeeny (on behalf of Atmel Corporation) v. Perlegos, et al.*, Case No. C08-01031 PVT (the "*McWeeny* action"). As I indicated in our meet and confer, my co-counsel was unavailable. I discussed your request with co-counsel and we are in agreement.

     As you know, the *McWeeny* action was "consolidated for all purposes under the caption *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592 JF" ("*Atmel Derivative* consolidated action") by order dated February 28, 2008 [DKT No. 150]. Furthermore, the defendants have a pending motion to dismiss the *Atmel Derivative* consolidated action on demand futility grounds [DKT No. 103], and defendants' current motion to dismiss has been fully briefed and argued before the Court. Based on these facts, plaintiffs reach the following two conclusions:

     First, plaintiffs do not agree that defendants have a right to file any motion in the *McWeeny* action because, as indicated above, the *McWeeny* action has been consolidated with the *Atmel Derivative* consolidated action. A motion to dismiss on the same grounds is already pending in the consolidated action, and no response by defendants is required to the now consolidated *McWeeny* action.

     Second, even if duplicative piece-meal motions were permitted in consolidated actions (and they are not), defendants' proposed second motion on demand futility grounds – while a motion on

Kenneth A. Kuwayti, Esq.
May 22, 2008
Page 2

the same grounds is still pending – is a waste of judicial resources. Based on the Court's May 20, 2008 scheduling order, a case management conference ("CMC") is set for June 27, 2008. Prior to the CMC, the Court will most likely issue an order on demand futility in the *Atmel Derivative* consolidated case (which includes the *McWeeny* action) so there is no prejudice to the defendants in waiting another three or four weeks for a decision from the Court. If no decision is issued prior to the CMC, the parties can discuss defendants' proposed motion with the Court at the scheduled CMC and resolve whether defendants have the right to make such a motion.

Nonetheless, based on our discussion yesterday, I understand that defendants still wish to make a second motion to dismiss on demand futility grounds even though such a motion is not procedurally appropriate and is a waste of judicial resources.

If the defendants still wish to make their motion, based on the Standing Order for the judges in the San Jose Division in the Northern District of California, I understand that "Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice." While reserving plaintiffs' right to object and/or move ex parte for appropriate relief (striking defendants' motion or removing the motion from the Court's calendar), plaintiffs will comply with the Court's Standing Order and meet and confer on hearing dates.

After conferring with my co-counsel on available dates, plaintiffs propose August 1 or August 8, 2008. The briefing schedule will be in accordance with NDCA Local Rule 7.

I understand that civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available date. If defendants still wish to schedule the motion, please advise whether our proposed dates are available or not before Judge Fogel.

Very truly yours,

*Betsy C. Manifold*

Betsy C. Manifold

cc: Eric L. Zagar, Esq.
Nichole Browning, Esq.
Tara Kao, Esq.

BCM:ms
ATMEL:16054.LTR